**VANSANT v. CROOKS, Collector of Internal Revenue.**

No. 6898.

District Court, W. D. Missouri, W. D. April 23, 1930.

Sam B. Sebree, Albert F. Hillix, and Edward L. Scheufler, all of Kansas City, Mo. (Sebree & Sebree, of Kansas City, Mo., on the brief), for plaintiff.

Harry L. Thomas, Asst. U. S. Atty., of Kansas City, Mo. (Wm. L. Vandeventer, U. S. Dist. Atty., of Kansas City, Mo., on the brief), for defendant.

OTIS, District Judge.

This is a suit to recover $3,952.23 additional income taxes for the year 1921, together with interest thereon. The plaintiff had filed a return for the year 1921 showing no tax liability. The additional amount was subsequently assessed and paid by him under protest. At the trial of the case, a jury having been waived, the testimony included an agreed statement of certain facts and other testimony, from all of which I make the following:

### Finding of Facts

I. The plaintiff at all times herein mentioned was a resident of Kansas City, Mo., was engaged in the general contracting business, was married, and entitled to an exemption for income tax purposes of $2,500 a year. The defendant was and is the collector of internal revenue for the Sixth district of Missouri.

II. Within the time prescribed by law, the plaintiff duly filed his personal income tax return for the calendar year 1921, showing a total net income of $2,233, which after deducting his personal exemption of $2,500 showed no tax due. This return did not include any income from the Kansas City Club contract, referred to hereinafter.

III. Thereafter the Commissioner of Internal Revenue went over the plaintiff's books and records and assessed an additional personal income tax for the year 1921 of $3,952.23. This tax was computed on the basis of a taxable income of $30,513.70. The assessment was made on July 20, 1926, and was paid by plaintiff under protest on July 27, 1926, at which time he also paid interest in the sum of $996.25.

IV. In the calculations of the Commissioner of Internal Revenue, by which he arrived at this additional assessment, he included in plaintiff's income for the calendar year 1921 the sum of $26,227.68, which was the total profit made by the plaintiff on the Kansas City Club contract on which work was commenced in June, 1919, by the Vansant Construction Company, a partnership, of which plaintiff was a member.

V. The Vansant Construction Company was a partnership composed of the plaintiff and A. J. Rector. This partnership was formed by written contract between plaintiff and Rector April 1, 1918. The contract provided for the automatic dissolution of the partnership at the end of two years or on April 1, 1920.

VI. May 15, 1919, the Vansant Construction Company was awarded a contract for the erection of a building for the Kansas City Club on a cost-plus basis. The estimated cost of the building to be erected was $1,178,000. The work contemplated under this contract could not be completed in one year or less. There was a provision in the contract under which the Kansas City Club might terminate it before the final completion of the building. During the life of the contract the Vansant Construction Company was to be paid, in installments, 10 per cent. of costs as shown by semimonthly settlements of expenditures.

VII. The Vansant Construction Company carried on under the contract with the Kansas City Club until the dissolution of the partnership April 1, 1920. Plaintiff continued thereafter with the contract until December 8, 1920, when the Kansas City Club took over the work of completing construction of the building. The plaintiff did nothing after that date. There was then owing him a balance, later agreed upon, of which balance $26,227.68 represented profit. This balance was paid in 1921.

VIII. The fiscal year of the Vansant Construction Company ended April 1st. The company duly filed with the collector of internal revenue its income tax return as a partnership for the fiscal year ending April 1, 1920, in which it set up as income from

the Kansas City Club contract $37,802.22. This was the first return due from the partnership after work on this contract had begun. In his individual tax return for 1920 plaintiff set up all income coming to him from the partnership on account of the Kansas City Club contract and also all income coming to him on account of this contract after the dissolution of the partnership, including all that was earned by December 8, 1920, although not actually received by him until 1921.

IX. The Vansant Construction Company and the plaintiff each at the earliest opportunity elected, in connection with the contract for the erection of the Kansas City Club building, to return in each year as income the percentage of profit estimated on the basis of percentage of expenditures.

X. So far as the Vansant Construction Company and plaintiff were concerned the contract was completed December 8, 1920.

XI. Plaintiff's claim for refund includes all the grounds now urged as basis for recovery in this suit.

### Opinion.

The applicable law is article 36, Regulation 45 of the Commissioner of Internal Revenue under Revenue Act of 1918 (40 Stat. 1057), as follows:

"Persons engaged in contracting operations, who have uncompleted contracts, in some cases perhaps running for periods of several years, will be allowed to prepare their returns so that the gross income will be arrived at on the basis of completed work; that is, on jobs which have been finally completed any and all moneys received in payment will be returned as income for the year in which the work was completed. If the gross income is arrived at by this method, the deduction from such gross income should include and be limited to the expenditures made on account of such completed contracts. Or the percentage of profit from the contract may be estimated on the basis of percentage of expenditures, in which case the income to be returned each year during the performance of the contract will be computed upon the basis of the expenses incurred on such contract during the year; that is to say, if one-half of the estimated expenses necessary to the full performance of the contract are incurred during one year, one-half of the gross contract price should be returned as income for that year. Upon the completion of

a contract if it is found that as a result of such estimate or apportionment the income of any year or years has been overstated or understated, the taxpayer must file amended returns for such year or years."

If the foregoing is the applicable law, as I hold it is, then upon the facts found by me no other conclusion is possible than that the assessment of additional taxes in this case was unwarranted for two reasons. The regulation provides that in the case of such a long time contract as was here involved "moneys received in payment will be returned as income for the year in which the work was completed." The work under this contract was completed in 1920. Moneys received in payment for that work were properly returned as income in 1920 and not in 1921. Again, under the law the taxpayer had the right to elect to return as income during each year in which the contract was being carried out the percentage of profit from the contract estimated on the basis of expenditures under the contract. The plaintiff and his predecessor partnership did elect so to return in each year the profits from the contract so calculated. Adopting such a course, a course it was their privilege to adopt, taxes upon income from this contract were due during the years in which the expenditures were made and without regard to the fact that actual payment of a balance due was not made until a later year.

The ruling of the Board of Tax Appeals upon the plaintiff's claim for refund, Appeal of J. R. Vansant, 4 B. T. A. 58, was made upon a record which did not include important facts found by me in this case. It appears that plaintiff offered no evidence in support of his claim for refund.

There is no merit in the contention of defendant that the claim for refund was upon different grounds than those now urged. That contention must be resolved against the defendant.

### Conclusion of Law.

Upon the facts hereinbefore found by me, I conclude as a matter of law that the plaintiff properly returned profits from his contract for the erection of the Kansas City Club in the year 1920 and that the inclusion of that profit as income of the plaintiff for the year 1921 was erroneous.

Judgment for the plaintiff. A decree may be prepared accordingly and submitted for approval and entry.